IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MARCO ANTONIO VEGA, ) <br> ) <br> Defendant. ) | Case No. CR-14-315-D |

## ORDER

Before the Court is Defendant's filing titled "Motion Pursuant Criminal Law § 74 Correct" [Doc. No. 95]. Upon review, the Court is not able to make out the basis of Defendant's motion or the nature of the relief requested.

In the filing, Defendant makes multiple references to the "retroactive" application of *Bailey v. United States*, 516 U.S. 137 (1995).

In *Bailey*, the Supreme Court held that the "the [g]overnment must show that the defendant actively employed [a] firearm during and in relation to the predicate crime" for the "use" prong of 18 U.S.C. § 924(c)(1) to apply.

Section 924(c)(1), in turn, creates mandatory minimum sentences for using a firearm "during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1).[1]

Here, Defendant was indicted and found guilty by a jury for possessing a firearm as

---

[1] As recognized in *Welch v. United States*, 578 U.S. 120, 133 (2016), Congress "reverse[d] *Bailey* by amending the statute to cover possession as well as use."

a convicted felon [Doc. Nos. 12, 38] under circumstances that do not implicate 18 U.S.C. § 924(c). *See* [Doc. No. 48, Presentence Investigation Report (never citing § 924(c)).[2]

Furthermore, Defendant has already filed a motion pursuant to 28 U.S.C. § 2255 [Doc. No. 65]. "Before a federal prisoner may file a second or successive motion under § 2255, the prisoner must first obtain an order from the appropriate court of appeals authorizing the district court to consider the motion."[3] *In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008). The record does not demonstrate that Defendant has obtained the appropriate permission.

**IT IS THEREFORE ORDERED** that Defendant's Motion Pursuant Criminal Law § 74 Correct [Doc. No. 95] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** this 15th day of April 2025.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[2] According to the Presentence Investigation Report, Defendant was "playing with a pistol he had in his pocket" when he accidentally "shot himself." *See* [Doc. No. 48, at p.4]. Defendant then presented to a local hospital for treatment and a search of his criminal record indicated a history of felony convictions. A warrant was later issued for his arrest.

[3] A federal prisoner seeking authorization must demonstrate that his claims rely upon "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense," or upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).